IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Claude E. Lydia, Jr., #282745, ) | |
| ) | C/A No. 1:15-3512-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | **OPINION AND ORDER** |
| Thomas E. Byrne, M.D.; and Elizabeth ) | |
| Holcombe, Nurse Practitioner, in their ) | |
| individual capacities, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

At the time of the underlying events, Plaintiff Claude E. Lydia, Jr. was an inmate in custody of the South Carolina Department of Corrections. Plaintiff, proceeding pro se, filed the within complaint on August 31, 2015, asserting that Defendants Thomas E. Byrne and Elizabeth Holcombe denied him medical care in contravention of his constitutional rights. Thus, Plaintiff brings his claims under 42 U.S.C. § 1983. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the within action was referred to United States Magistrate Judge Shiva V. Hodges for pretrial handling.

On January 4, 2016, Defendants filed a motion for summary judgment. Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Magistrate Judge issued an order on January 5, 2016, advising Plaintiff of the summary judgment procedure and the possible consequences if he failed to respond adequately. A second Roseboro order was sent to Plaintiff at an updated address on January 21, 2016. Despite requesting and being granted an extension of time to respond, Plaintiff filed no response in opposition to Defendants' motion.

On March 29, 2016, the Magistrate Judge issued an order directing Plaintiff to advise the court whether he wished to continue with the case. Plaintiff was cautioned that his failure to respond

could subject his complaint to dismissal with prejudice for failure to prosecute. See Fed. R. Civ. P. 41(b). Plaintiff filed no response to the Magistrate Judge's March 29, 2016, order. Accordingly, on April 18, 2016, the Magistrate Judge issued a Report and Recommendation in which she recommended that the case be dismissed with prejudice. The envelope containing Plaintiff's copy of the Report and Recommendation was returned to the Office of the Clerk of Court on April 27, 2016, marked 'RETURN TO SENDER – RELEASED; LEFT NO ADDRESS."

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of any portions of the Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

Based upon Plaintiff's failure to respond to the Magistrate Judge's March 29, 2016, order, it appears that Plaintiff no longer wishes to pursue this action. The court concurs in the recommendation of the Magistrate Judge that the case be dismissed. Accordingly, the within action is dismissed *without* prejudice pursuant to Rule 41(b).

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

May 11, 2016

2

**NOTICE OF RIGHT TO APPEAL**

**Plaintiff is hereby notified of the right to appeal this order
pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**